# Cases

# FIRST DEPARTMENT

AT

## GENERAL TERM

### January, 1876.

---

ELI J. CRANDALL ET AL., RESPONDENTS, v. JAMES McKAYE, APPELLANT.

*Attachment — affidavit on application for — statement of cause of action in.*

In this case an attachment was issued upon an affidavit stating that a cause of action existed in favor of the plaintiff against the defendant, arising out of a contract made and executed by the defendant, which was "more particularly set forth in the copy of complaint hereto annexed." A copy of a verified complaint setting forth the contract was annexed to the affidavit. *Held,* that the affidavit was sufficient, and that the attachment was properly issued.

APPEAL from an order denying a motion to discharge an attachment.

The affidavit, upon which the attachment was issued, was made by the agent of the plaintiffs, who swore to the existence of "a cause of action in favor of said plaintiffs and against said defendant, arising out of a contract made and executed by said defendant, and by him delivered to said plaintiffs, and which is more particularly set forth in the copy of complaint hereto annexed in this action, and which contract was executed and delivered by said defendant to these plaintiffs in presence of deponent."

Annexed to this was a copy of a complaint, all the allegations of which were positively stated, and which was verified as follows:

CITY AND COUNTY OF NEW YORK, *ss.:*

William W. Mann, of said city and county, being duly sworn, says: That he is the agent and attorney in fact of the plaintiffs, and has read the foregoing complaint and knows the contents thereof, and that the same is true of his own knowledge, *except as to matters stated on information and belief, and as to those matters he believes it to be true.* That the reason why this complaint is verified by him and not by either of said plaintiffs is, that he has in his possession the original contract signed by said defendant and set forth in said complaint, and has a personal knowledge of the matters therein stated derived from the fact that, as attorney of the plaintiffs, he drew the said contract or agreement of the said defendant mentioned in the complaint, and participated in the negotiations of said contract, and has seen and examined the accounts delivered by said defendant McKaye, and therefore has a better personal knowledge of the facts and circumstances connected therewith than either of said plaintiffs, except Eli J. Crandall, who is now absent from the city and county of New York.

WM. W. MANN.

Subscribed and sworn before me, }
    October 29, 1875.     }

JOHN J. THOMASSON,
*Notary Public, New York City and County.*

*Barrett, Redfield & Hill,* for the respondent.

*Porter, Lowrey, Soren & Stone,* for the appellant.

BRADY, J.:

The affidavit on which the attachment was granted in this case stated, that there was a cause of action in favor of the plaintiffs and against the defendant, arising out of a contract made and executed by the defendant, and by him delivered to the plaintiffs, and which was more particularly set forth in the copy complaint annexed, and which contract was executed and delivered by the defendant to the plaintiffs, in the presence of the deponent. The copy complaint referred to is a transcript of that paper in this action. All the material averments in it are positively made, and it appears from its allegations that the plaintiffs have a cause of action founded on contract, the grounds of which are stated, and the

amount of which is also averred. The verification appears to have been made by the plaintiff's agent and attorney in fact, and from personal knowledge of the matters stated; and he asserts that he has a better knowledge of the facts and circumstances connected with the contract than either of the plaintiffs, except Eli J. Crandall, who was then absent from the City and County of New York. The question presented is, whether the omission to state the grounds of the claim and its amount, in the affidavit, and to make the complaint a part of it by express words therefor, does not render that paper insufficient to sustain the attachment. By section 229 of the Code, the warrant of attachment may be issued whenever it shall appear by affidavit that a cause of action exists, specifying the amount of the claim and the grounds thereof. The language is, "whenever it shall appear by affidavit;" and all the prerequisites did appear by the affidavit in this case, on which the attachment was granted. The details were in the complaint, and a copy of it was annexed, which revealed to the judge considering the application for the process what they were, and from which the necessary conclusions could be drawn. The complaint could be used as an affidavit (*Palmer* v. *Hussey*, 59 N. Y., 647), and we do not understand why a sworn copy may not be employed in the same way. It becomes necessarily a part of the affidavit, when annexed and referred to, as it was in this case; and referred to for a full statement of the cause of action, as it was alleged to exist. It could not be said, after reading the affidavit and complaint, that it did not appear that a cause of action existed in favor of the plaintiffs against the defendant. There was quite enough to satisfy the judicial mind, of the existence of all the necessary elements demanding the exercise of its authority; and the judge granting the process was, therefore, justified in doing so upon the papers presented. We do not mean to be understood as deciding that this mode of procedure is the best that might be adopted. We think it would be better to embrace in the affidavit all the necessary facts; or, if resort must be had to it, to annex the original complaint, and not a copy.

Order affirmed, with ten dollars costs and disbursements.

DANIELS, J., concurred.

Ordered accordingly.